United States Bankruptcy Court
Southern District of Texas

**ENTERED**
May 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| ENERGERA, INC. *et al.,*[1] | § | Case No. 26-90433 (ARP) |
| | § | |
| Debtors in a Foreign Proceeding. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING PETITION FOR (I) RECOGNITION OF A FOREIGN
PROCEEDING, (II) RECOGNITION OF THE FOREIGN REPRESENTATIVE, AND
(III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Proceeding, (II) Recognition of the Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Verified Petition"; and together with the official form petitions filed concurrently therewith, the "Petition"),[2] filed by the Foreign Representative as a "foreign representative" of the above-captioned debtors (the "Debtors"); and upon the hearing on the Petition and this Court's review and consideration of the Petition, and the Supporting Declarations, IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § and 1334.

B.      Venue is proper before this Court pursuant to 28 U.S.C. § 1410. This Court may enter a final order consistent with Article III of the United States Constitution.

---

[1] The jointly administered chapter 15 debtors, each subject to the Canadian Receivership, are Energera Inc. f/k/a Frac Shack Inc.; Energera America Inc. f/k/a Frac Shack America Inc.; and Sandtinel LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

[3] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such.

C.      Good, sufficient, appropriate and timely notice of the filing of the Petition and the hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy Rule 2002(q), via email and/or first class mail to: (a) the Office of the United States Trustee; (b) the United States Attorney for the Southern District of Texas; (c) all persons or bodies authorized to administer the Canadian Proceeding; (d) all parties to litigation pending in the United States in which the Debtors are a party as of the date hereof, if any; (e) all known equity holders of the Debtors; (f) all parties against whom the Debtors are seeking relief pursuant to section 1519 of the Bankruptcy Code; and (g) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002.

D.      No objections or other responses were filed.

E.      This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

F.      The Foreign Representative is the duly appointed "foreign representative" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

G.      The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H.      The Canadian Proceeding is pending in Canada, where the Debtors have their "center of its main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the Canadian Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.      The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and their interests.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Petition is granted.

2.      The Canadian Proceeding is recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, and all the effects of recognition as set forth in section 1520 of the Bankruptcy Code shall apply.

3.      Upon entry of this order (this "Order"), the Canadian Proceeding and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States.

4.      The Foreign Representative is granted all of the relief afforded under section 1520 of the Bankruptcy Code, including the following:

A.      sections 361 and 362 apply with respect to the Debtors and the property of the Debtors that are within the territorial jurisdiction of the United States;

B.      sections 363, 549, and 552 apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;

C.      unless the court orders otherwise, the Foreign Representative, as foreign representative, may operate the Debtors' business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and

D.      section 552 applies to property of the Debtors that are within the territorial jurisdiction of the United States.

5.      Pursuant to section 1524 of the Bankruptcy Code, the Foreign Representative may intervene in any proceeding in a State or Federal court in the United States in which the Debtors are a party.

6.     Pursuant to section 1523(a) of the Bankruptcy Code, the Foreign Representative has standing in a case concerning the Debtors pending under another chapter of this title to initiate actions under sections 522, 544, 545, 547, 548, 550, 553, and 724(a) of the Bankruptcy Code.

7.     The following additional relief is granted pursuant to section 1521 of the Bankruptcy Code:

A.     The commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Debtors, including any action or proceeding against A&M in its capacity as Foreign Representative, to the extent not stayed under section 1520(a) of the Bankruptcy Code, is hereby stayed;

B.     Execution against the assets of the Debtors to the extent not stayed under section 1520(a) of the Bankruptcy Code is hereby stayed;

C.     The administration or realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States is hereby entrusted to the Foreign Representative, and the terms of the Receivership Order shall apply to the Debtors, its creditors, the Foreign Representative, and any other parties-in-interest, and the Foreign Representative is authorized to implement the Receivership Order;

D.     The right of any person or entity, other than the Foreign Representative, to transfer or otherwise dispose of any assets of the Debtors to the extent not suspended under section 1520(a) of the Bankruptcy Code is hereby suspended unless authorized in writing by the Foreign Representative or by Order of this Court;

E.     The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the date of this Order and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be;

F.     Section 365(e) of the Bankruptcy Code shall apply with respect to the Debtors' executory contracts and unexpired leases such that, notwithstanding any provision in any such contract or lease or under applicable law, no executory contract or unexpired lease with any of the Debtors may be terminated, cancelled, or modified (and any rights or obligations in such leases or contracts cannot be terminated or modified) solely because of a provision in any contract or lease of the kind described in sections 365(e)(1)(A), (B), or (C) of the Bankruptcy Code, and all contract and lease counterparties located within the United States shall be prohibited from taking any steps to terminate, modify, or cancel any contracts or

leases with the Debtors arising from or relating in any way to any so-called "ipso facto" or similar clauses;

G.      The Foreign Representative may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors; and

8.      All prior relief granted in the *Order Granting Foreign Representative's Request for Provisional Relief Pursuant to 11 U.S.C. § 1519* is hereby extended on a final basis, to the extent not inconsistent with the relief granted under this Order.

9.      This Court retains exclusive jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 proceeding, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

10.     The security provision provided in Rule 65(c) of the Federal Rules of Civil Procedure, made applicable through Rule 7065 of the Bankruptcy Rules, is unnecessary in these cases and is, therefore, waived.

11.     The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

12.     The Foreign Representative and the Debtors and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or the Bankruptcy Local Rules of this Court.

13.     No action taken by the Foreign Representative or the Debtors or their respective successors, agents, representatives, advisors or counsel in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, this chapter 15 case or any adversary proceeding herein, or contested matters in

connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including, without limitation, pursuant to section 1510 of the Bankruptcy Code.

14.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.     This Order applies to all parties in interest in this chapter 15 case and all of their agents, employees and representatives, and all those who act in concert with them who receive notice of this Order.

Signed: May 04, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge