**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Chapter 15 |
| | § |
| ENERGERA, INC., *et al.*,[1] | § Case No. 26-90433 (ARP) |
| | § |
| Debtors. | § (Jointly Administered) |
| | § |

**MOTION TO LIFT THE STAY TO ALLOW
EMPLOYMENT DISCRIMINATION LAWSUIT TO PROCEED**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 14 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON JUNE 26, 2026, AT 11:15 A.M. IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002. PARTIES SHOULD REFERENCE THE COURT'S WEBSITE FOR INSTRUCTIONS.**

**Web site for Judge Lopez:**

**https://www.txs.uscourts.gov/page/united-states-bankruptcy-judge-alfredo-r-perez**

---

[1]   Simultaneous chapter 15 petitions are filed by the Receiver for the following affiliated debtors: Energera Inc. f/k/a Frac Shack, Inc.; Energera America Inc. f/k/a Frac Shack America, Inc.; and Sandtinel LLC.

Motion To Terminate the Stay

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Ricky St. Julien ("St. Julien" or "Movant"), an individual with pending employment discrimination claims against Debtor, Energera America, Inc. f/k/a Frac Shack America, Inc. ("Energera" or "Debtor"), files this motion for relief from the stay (the "Motion"), so that the litigation may proceed to judgment in the Federal District Court for the Southern District of Texas.  St. Julien may seek recovery from the debtors' available liability insurance proceeds and liquidate and maintain any claim against the debtors to the extent the insurance proceeds are insufficient to pay the claim in full.

### Jurisdiction and Venue

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is appropriate in this district pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief sought herein is section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code").

### Background

2.       Movant, Ricky St. Julien, is an individual who resides in Pearland, Texas.

3.      On or about March 14, 2025, St. Julien filed a lawsuit against Energera in the 165th District Court of Harris County, Texas, Cause No. 2025-17552 (the "Lawsuit").  St. Julien's Original Complaint is attached hereto as **Exhibit A**.

4.      On April 22, 2025, the Lawsuit was removed from the Harris County District Court to the Federal District Court for the Southern District of Texas, Houston Division, where it remains pending under Case No. 4:25-cv-01827.

5.      On August 14, 2025, St. Julien filed his First Amended Complaint in the Federal District Court. St. Julien's First Amended Complaint is attached hereto as **Exhibit B**.

6.      The Lawsuit alleges ongoing mistreatment, racial discrimination, and retaliation by Debtor, its agents, supervisors, employees and/or representatives, during his employment with Debtor.

7.      On March 30, 2026, eleven (11) months after the Lawsuit was filed, Debtor along with other affiliates filed a Petition for Recognition of Foreign Proceeding under Chapter 15 of Title 11 in the United States Bankruptcy Court for the Southern District of Texas.

8.      On April 13, 2026, Debtor filed a notice of bankruptcy, thereby staying the Federal District Court litigation.

9.      Movant seeks relief from the stay imposed in this case in order to continue his Lawsuit in the Federal District Court and proceed to judgment, seek recovery from the Debtors/Defendants' available liability insurance, proceeds, and liquidate and maintain any remaining claim against the Debtors/Defendants in this bankruptcy case insurance and other defendants to the extent the insurance proceeds are insufficient to pay the claim in full.

**Argument**

10.      Section 362(d)(1) of the Bankruptcy Code provides that, upon a request from a party in interest, the court shall grant relief from the automatic stay "for cause." The term "cause" is not defined in the Bankruptcy Code, but rather must be determined on a case-by-case basis based on an examination of the totality of the circumstances. *Reitnauer v. Texas Exotic Feline Found. (In re Reitnauer)*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998). "There is no mandatory standard for finding 'cause' in the Fifth Circuit." *In re Choice ATM Enters.*, Case No. 14-44982-DML, 2015Bankr. LEXIS 689 at *12 (Bankr. N.D. Tex. Mar. 4, 2015) (citing *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006)).

11.      Courts in this jurisdiction have identified various factors to consider in determining whether or not cause exists to lift the automatic stay. Though not all of the factors

will be relevant in every case, these factors include:

> good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay.
>
> .　　.　　.
>
> 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.

*In re Mosher*, 578 B.R. 765, 772-73 (Bankr. S.D. Tex. 2017) (quoting *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013) and *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014)).  Court have also noted the legislative history of Section 362(d)(1), which suggests that "cause" may include "a desire to permit an action to proceed to completion in another tribunal." *Choice ATM Enters.*, 2015 Bankr. LEXIS 689 at *6-7 (quoting H.R. Rep. No. 95-595, 343-44 (1977)); *Pursue Energy Corp. v. Miss. State Tax. Comm'n*, 338 B.R. 283, 291 (S.D. Miss. 2005) (same).

12.     In addition, with respect to personal injury suits in particular, a bankruptcy court in the Fifth Circuit has determined that cause exists to lift the automatic stay in order to permit these suits to proceed outside of bankruptcy court. *E.g. In re Fowler*, 259 B.R. 856, 861 (Bankr. E.D. Tex. 2001) ("This Court, like all bankruptcy courts, routinely lifts the stay to allow tort suits to go forward in state court to determine the liability, if any, of the Debtor."). In *Fowler*, a substantial factor in the court's decision to lift the stay was the fact that personal injury and

wrongful death litigation cannot take place within the bankruptcy court; *Fowler*, 259 B.R. at 861 ("It is a personal injury and wrongful death claim which cannot be tried in this Court…. This matter cannot go forward in bankruptcy court and if the creditor is not granted relief from the stay, he is left with no remedy in any court.  That simply does not comport with due process").

13.     Movant's Complaint is a discrimination lawsuit where Movant has incurred personal injuries by the Defendant.

14.     Movant is entitled to and has made a demand for a trial by jury. Movant does not agree to a jury trial in bankruptcy court.

15.     If the Court does not permit the lawsuit to proceed in any forum, Movant will be left with no remedy in any court. In that case, the harm to Movant from continuing the stay would far outweigh the harm to the Debtors/Defendants and other creditors from lifting the stay. Finally, the suit does not have any connection to and will not interfere with the bankruptcy case other than to liquidate Harrod's claims against the Debtors/Defendants.

16.     St Julien needs relief from the stay to continue the Lawsuit in Federal District Court.

**Conclusion**

For the reasons stated above, Ricky St. Julien asks that the Court lift the stay imposed by Section 362(a), made applicable to this case pursuant to Section 1520 of the Bankruptcy Code so that St Julien may (1) continue with the discrimination lawsuit against the Debtor/Defendant, Energera America, Inc. f/k/a Frac Shack America, Inc.; (2) take such action as may be necessary and appropriate to recover on any judgment obtained from any available insurance proceeds; and (3) liquidate and maintain his claims against the bankruptcy estate to the extent insurance proceeds are insufficient to pay his claim in full. Ricky St. Julien further asks the Court to grant

him such other and further relief, in equity or at law, to which he may show himself justly entitled.

Dated:  May 22, 2026    Respectfully Submitted,

/s/ Reese W. Baker
Reese W. Baker
TX Bar No. 01587700
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 fax
Email: courtdocs@bakerassociates.net

ATTORNEYS FOR MOVANT

**CERTIFICATE OF CONFERENCE**

The undersigned sent an email to counsel for Energera America, Inc. on May 21, 2026. Counsel for the Debtor replied that the Receiver is opposed.

/s/ Reese W. Baker
Reese W. Baker

**CERTIFICATE OF SERVICE**

I certify that on or about May 22, 2026, I caused a true and correct copy of the foregoing Motion along with all attachments to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

I further certify that on or about May 22, 2026, I caused a copy of the foregoing Motion along with all attachments to be served by regular U.S. Mail, first class postage prepaid, on the parties listed on the attached mailing matrix.

/s/ Reese W. Baker
Reese W. Baker

Motion To Terminate the Stay