**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ENERGERA, INC.** | § | **Case No. 26-90433** |
| et al., | § | **(Chapter 15)** |
| **Debtors in a Foreign** | § | **(Jointly Administered)** |
| **Proceeding.** | § | |

---

**GRAYSON MILL OPERATING, LLC'S
UNOPPOSED MOTION FOR RELIEF FROM STAY**

---

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney.**

**There will be a hearing on this matter on _____ at _____ p.m. in Courtroom 400, 515 Rusk, Houston, TX 77002.**

TO THE HONORABLE JUDGE OF SAID COURT:

1.      This Court has jurisdiction over these proceedings under 28 U.S.C. § 1334. Rule 4001 of the Bankruptcy Rules as well as Sections 361 and 362 of the Bankruptcy Code apply. Movant's claim against the Debtor is a non-core proceeding as defined in 29 U.S.C. § 157(b)(5), in that it relates to a claim for personal injury.

2.      Debtor, Energera, Inc., filed a Petition for Recognition of Foreign Proceeding in this Court on March 30, 2026.

3.      Movant is Grayson Mill Operating, LLC ("Grayson Mill").

4.      This Motion seeks relief from the stay against Energera America Inc. ("Energera"), which is the debtor in this case.

5.      Movant would show that at the time of Debtor's filing for Chapter 15 relief, Movant was a defendant in a personal injury case styled *Tim Stanfield v. Liberty Oilfield Services LLC, Grayson Mill Operating, LLC, Grayson Mill Williston, LLC, and Vac-U-Jet Septic and Sump Service Inc.*, C.A. No. 1:24-cv-00004-CRH in the U.S. District Court for the Western District of North Dakota (the "Stanfield claims" and/or "Stanfield lawsuit"). A true and correct copy of the live pleading from the Stanfield lawsuit is attached and incorporated by reference as Exhibit A hereto.

6.      At the time of the incident being the basis of the Stanfield lawsuit, Energera was insured under an insurance policy that applies to claims in the Stanfield lawsuit.

7.      Energera's insurance policy also provides coverage to Grayson Mill as an insured.

8.      Both Energera and its insurer have refused to provide defense, indemnity, or insurance coverage to Grayson Mill for the claims made against it in the Stanfield lawsuit.

9.      On September 3, 2024, before this action was filed, Grayson Mill filed a claim against Energera for breach of contract and declaratory judgment styled *Grayson Mill Operating, LLC v. Energera America Inc.*; Cause No. CV61333 in the 385th Judicial District Court of Midland County, Texas (the "declaratory judgment action"), related to Energera's duties to

defend and indemnify Grayson Mill against the claims in the Lawsuit. A true and correct copy of the live pleading against Energera in the declaratory judgment action is attached and incorporated by reference as Exhibit B hereto.

10.     Movant seeks relief from the stay so that the declaratory judgment action may go forward so Movant may recover damages from the proceeds of the policies of insurance insuring or covering Energera.  Movant requests this relief so that it obtain insurance proceeds due from Energera's insurer for defense and settlement of the Stanfield lawsuit, for which Energera owes Movant defense, indemnity, and additional insured coverage.

11.     Movant agrees and stipulates to seek recovery, as to Debtor, Energera, solely from the insurance proceeds and will not seek compensation for the claims in the Stanfield lawsuit or the declaratory judgment action from property of the bankruptcy estate.

12.     Cause exists for the relief from the automatic stay when a creditor looks to liability insurance proceeds for payment of their claims. *Matter of Edgeworth*, 993 F.2d 51, 55 (5th Cir. 1993) (holding that proceeds of a liability policy are not part of the debtor's estate); *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1023 (5th Cir. 2012)(proceeds of liability insurance policies are generally property of the estate).

13.     Movant would show that lifting the stay to allow the declaratory judgment action to proceed would not prejudice Debtor nor any other creditors in that Movant would agree to forego any recovery against the debtor in excess of any and all policies of insurance.

WHEREFORE, Movant prays that the Court enter an order granting relief from the stay to allow the declaratory judgment action to proceed to judgment, with relief therein limited

to the proceeds of Energera's insurance policies. Movant prays for all other relief to which it is entitled.

RESPECTFULLY SUBMITTED,

HALL MAINES LUGRIN, PC

/s/ Evan T. Caffrey
M. Matt Jett SBN: 24068684
Federal I.D. No.: 1091711
Even Caffrey SBN: 03588650
Federal I.D. No.: 13178
2800 Post Oak Blvd., 64th Floor
Houston, Texas 77056-6125
Tel.: 713.871.9000
Fax: 713.871.8962
mjett@hallmaineslugrin.com
ecaffrey@hallmaineslugrin.com

ATTORNEYS FOR MOVANT GRAYSON
MILL OPERATING, LLC

## CERTIFICATE OF CONFRENCE

Counsel for Movants has conferred with counsel for Debtor regarding this motion and the Debtor does not oppose the granting of this motion.

/s/ Evan T. Caffrey

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Motion to Lift Stay was served via the Court's ECF noticing system and to all parties entitled to such notice on August 6, 2026.

/s/ Evan T. Caffrey

4